UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ALEJANDRO MONTANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 3:14−cv−404−PLR−CCS |
| KNOX COUNTY, TENNESSEE, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, Alejandro Montano, brought this action against Knox County and three of its officers, alleging that while he was detained in the county jail, defendants committed a number of constitutional violations when they entered his cell, restrained him, and Officer Wyrick punched him in the face. By Memorandum and Order entered August 25, 2015 [R. 40], the court dismissed all claims against Knox County and the officers, with the exception of the claims for excessive force, assault, and battery against Officer Wyrick.

Depositions of the parties were scheduled for September 24, 2015. Plaintiff made certain admissions in his deposition which may have rendered his claims against Officer Wyrick subject to dismissal. Counsel adjourned the deposition and privately discussed whether plaintiff would voluntarily dismiss his claims, with prejudice, against Officer Wyrick in return for defendant's waiver of any attorney's fee claims under 42 U.S.C. §

1

1988. Plaintiff's counsel agreed to convey the offer of settlement to his client. Counsel and their respective clients then went to lunch.

While at lunch, counsel for plaintiff called counsel for defendant and reported that he had spoken to plaintiff and plaintiff agreed to dismiss the case without further depositions on the condition that there would be no attorney's fee claim by defendant. Counsel for defendant called the court reporter and told him that the depositions would not be resumed because plaintiff had agreed to dismiss the case.

The next day, counsel for defendant confirmed the parties' discussion and agreement to dismiss the case via email, and included a form for a Rule 41 stipulation of dismissal. Four days later, on September 29, counsel for plaintiff sent defendant's counsel an email stating that plaintiff does not want to dismiss the case, and "after talking more with [plaintiff], I cannot dismiss this case."

Officer Wyrick moves the court for an order enforcing the parties' oral settlement agreement and dismissing this action with prejudice [R. 41]. Plaintiff responds in opposition, stating that defendant's motion is based on evidence of settlement negotiations which is inadmissible under the Federal Rules of Evidence. In the alternative, plaintiff argues there was no consideration for any alleged settlement agreement [R. 46].

## Analysis

District courts have the inherent power to enforce agreements in settlement of litigation, even if the agreement has not been reduced to writing. *Bowater N. Am. Corp. v. Murray Mach. Inc.*, 773 F.2d 71, 76-77 (6th Cir. 1984); *see also Henley v. Cuyahoga*

*County Bd. of Mental Retardation & Developmental Disabilities*, 141 Fed.Appx. 437, 442 (6th Cir. 2007) ("The district court's power to summarily enforce settlements extends to cases where the parties' agreements are not in writing and even to those settlement agreements made off the record, not in the presence of the court"). Public policy strongly favors settlement of disputes without litigation. *See Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1372 (6th Cir. 1976).

Before enforcing a settlement, the court must conclude that agreement has been reached on all material terms. *Brock v. Scheuner Corp.,* 841 F.2d 151, 154 (6th Cir. 1988). An evidentiary hearing may be required where facts material to an agreement are disputed. *Aro Corp.,* 531 F.2d at 1372. However, no evidentiary hearing is required where an agreement is clear and unambiguous and no issue of fact is present. *Id.* Thus, summary enforcement of a settlement agreement has been deemed appropriate where no substantial dispute exists regarding the entry into and terms of an agreement. *Kukla v. Nat'l Distillers Prods. Co.,* 483 F.2d 619, 622 (6th Cir. 1973). In so determining, the Sixth Circuit instructs district courts to consider whether the objective acts of the parties reflect that an agreement has been reached. *Re/Max Int'l Inc. v. Realty One, Inc.,* 271 F.3d 633, 646 (6th Cir. 2001).

The existence of a valid settlement agreement is not diminished by the fact that the parties have yet to memorialize the agreement. *Moore v. U.S. Postal Serv.,* 369 Fed. Appx. 712, 171 (6th Cir. 2010). "When parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement." *Id.* Only the existence of fraud or mutual

3

mistake can justify reopening an otherwise valid settlement agreement. *Henley,* 141 Fed.Appx. at 443. Ultimately, the court must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement. *Brock,* 841 F.2d at 154.

A settlement agreement is merely a contract between the parties to the litigation, and as such, the formation, construction, and enforceability of a settlement agreement are governed by Tennessee law. *Sweeten v. Trade Envelopes, Inc.,* 938 S.W.2d 383, 385 (Tenn. 1996). Under general principles of contract law, a contract must result from a meeting of the minds of the parties in mutual assent to the terms. *Id.* Under Tennessee law, a contract may be either expressed or implied, written or oral. *Johnson v. Central Nat. Ins. Co. of Omaha,* 356 S.W.2d 277, 281 (Tenn.Ct.App. 1962).

Based on the record herein, the court finds that the parties reached a binding agreement to dismiss all of plaintiff's claims on September 24, 2015, when plaintiff's counsel agreed to dismiss the claims in exchange for defendant's promise to forego any claim for attorney's fees under 42 U.S.C. § 1988. The record shows that when plaintiff's counsel called defendant's counsel on September 24, counsel stated that he had spoken with his client and they were accepting defendant's offer. Counsel cancelled the remainder of the depositions scheduled for that day. Further evidence that an agreement was reached between the parties is contained in the emails exchanged between counsel on September 25 and September 29. The September 25 email from defendant's counsel confirmed the parties' agreement and included a form stipulation of dismissal. Plaintiff's counsel's reply email on September 29 stated that "after talking more with [plaintiff], I cannot dismiss this case." The fact that plaintiff changed his mind after his acceptance of

4

defendant's offer on September 24 is insufficient to invalidate the settlement agreement reached by the parties. After-the-fact sentiments do not merit setting aside an otherwise complete settlement agreement. *See Stewart v. Carter Mach. Co. Inc.,* 82 Fed.Appx. 433, 436 (6th Cir. 2003) ("settlor's remorse" is not a sufficient reason to invalidate an enforceable oral agreement to settle a case); *Ashley v. Blue Cross & Blue Shield of Michigan,* 225 F.3d 658 (Table), 2000 WL 799305 at *2 (6th Cir. 2000) (the fact that plaintiff may have had a change of heart following the settlement . . . is insufficient to invalidate an otherwise valid settlement agreement entered into by the parties).

Plaintiff contends that defendant's motion relies on oral statements concerning settlement negotiations that occurred between the parties. Specifically, plaintiff argues the declaration of counsel for defendant and emails exchanged between counsel are hearsay statements not admissible on the issue of whether the parties consummated an oral settlement agreement under Federal Rule of Evidence 802 and cannot be considered by the court. Therefore, there is no admissible evidence that an oral settlement was consummated. Moreover, plaintiff contends that evidence of any settlement negotiations is not admissible under Federal Rule of Evidence 408.

Federal Rule of Evidence 408 does not bar admission of evidence regarding the parties' settlement negotiations and agreement. Rule 408 only excludes evidence of settlement negotiations when used "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction," but the court may admit this evidence for "another purpose." Fed.R.Evid. 408(a) and (b).

5

Contrary to plaintiff's argument, federal courts are in agreement that evidence of settlement negotiations is admissible, and proper for the court's consideration. *See Evans v. Troutman,* 817 F.2d 104 (Table), 1987 WL 37221 at *3 (6th Cir. 1987) (Rule 408 does not require exclusion when the evidence of an offer to compromise is offered for a purpose other than to prove "liability for or invalidity of the claim or its amount); *Glen Elec. Holdings GmbH v. Coolant Chillers, Inc.,* 2013 WL 2407613 at *6 (W.D.Mich. 2013) (holding that where evidence of settlement negotiations was offered to prove the existence and terms of the settlement agreement itself . . . Rule 408 does not apply); *Catullo v. Metzner,* 834 F.2d 1075, 1079 (5th Cir. 1987) (finding district court's exclusion of evidence relating to a settlement agreement to be reversible error where the evidence was offered to prove the terms of the agreement itself); *Central Soya Co. v. Epstein Fisheries, Inc.,* 676 F.2d 939, 944 (7th Cir. 1982) (holding that the district court erred in excluding the testimony of an accountant who was present during negotiations where the purpose was to demonstrate what the terms of the settlement were).

Plaintiff's hearsay objections are meritless. First, plaintiff's statement, as well as statements made by his counsel are admissible under Federal Rule of Evidence 801(d)(2)(A) because they constitute admissions by a party opponent. A statement is not hearsay if the statement is offered against a party and is a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship. Fed.R.Evid. 801(d)(2)(D). Therefore, the court finds that neither Rule 408 nor Rule 802 bar the court's consideration of the evidence submitted in support of defendant's motion.

Last, plaintiff argues the alleged settlement agreement fails due to a lack of consideration. The court finds this argument without merit. Plaintiff obtained a valuable benefit from defendant's agreement not to seek attorney's fees pursuant to 42 U.S.C. § 1988. An award of fees to a prevailing defendant in an action brought pursuant to § 1983 is appropriate upon finding that the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wolfe v. Perry,* 412 F.3d 707, 720 (6th Cir. 2005). Attorney fees are also appropriately awarded to prevailing defendants "where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning, or at some significant point in the proceedings after which the plaintiff continues to litigate." *Id.* Here, defendant's agreement not to pursue a potential fee claim conferred a benefit upon plaintiff. Plaintiff would not have to defend such a claim and would avoid the possibility of paying attorney's fees to defendant as the prevailing party. "The abandonment of any right, or a promise to forbear from exercising it, is a sufficient consideration for a promise. The right may be legal or equitable, certain or doubtful; and it may exist against the promisor or against a third party." *Danheiser v. Germania Savings Bank & Trust Co.,* 137 Tenn. 650, 659 (1917).

Once a settlement is reached, it is the party challenging the settlement who bears the burden to show that the settlement contract was invalid based on fraud or mutual mistake. *Brown v. Cnty of Genesee,* 872 F.2d 169, 174 (6th Cir. 1989). Plaintiff has not presented the court with any evidence of fraud or mutual mistake which would invalidate

7

the parties' agreement. Accordingly, the court will enforce the parties' settlement agreement and dismiss this action, with prejudice.

## Conclusion

Defendant's motion to enforce settlement agreement [R. 41] is **GRANTED**, and plaintiff's claims against defendant are **DISMISSED, in their entirety, with prejudice.**

_/s/ Pamela L. Reeves_
**UNITED STATES DISTRICT JUDGE**